JIM HANNAH, Chief Justice, dissenting. I respectfully dissent. The majority, without analysis, sweeps aside the rules of evidence and centuries of the common law as it imposes its own decision on appellant’s guilt. The rules of evidence “shall be construed to 19secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence, to the end that the truth may be ascertained and proceedings justly determined.” Ark. R. Evid. 102. Only relevant, competent evidence shall be admitted to ensure that a criminal receives a fair trial. The majority holds that it does not matter whether incompetent or irrelevant evidence is introduced at trial because if the evidence of guilt is overwhelming, the conviction will be affirmed. So much for the fundamental rights to a fair trial and to a jury trial by one’s peers. Evidence of a criminal defendant’s propensity to commit a crime is excluded by Arkansas Rule of Evidence 404(b). Rule 404(b) codifies the common-law rule that evidence of similar crimes or acts is not admissible unless independent of revealing another similar crime or act it is relevant to prove commission of the charged crime. In such a case, it is independently relevant on a material point. Evidence of repugnant, deviant pornography found on appellant’s computer does not constitute evidence that appellant committed rape. Rule 404(b) provides examples of when evidence of similar crimes or wrongs “may” be admissible to prove “motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or intent.” None of these matters are at issue in this ease because what had to be proved was the act of rape, regardless of whether the offender had the propensity to commit rape. When the circuit court erroneously admitted into evidence the repugnant, deviant pornographic pictures and titles that were found on appellant’s computer, this case was over. The prejudicial harm was immense. Because the evidence found on appellant’s computer did |10not constitute evidence that he raped his daughter, its probative value, at best, marginal. The circuit court abused its discretion admitting the evidence. This court will not reverse the circuit court simply to show that the circuit court erred. See Wells v. State, 2013 Ark. 389, at 8, 430 S.W.3d 65, 70 (stating that this court does not reverse for harmless error). However, this ease is an entirely different matter. The majority’s decision is based on the premise that even without the inadmissible evidence, there was more than sufficient evidence, typically characterized as “overwhelming,” to sustain the jury’s verdict and to show guilt. Can there be any doubt that this inadmissable evidence affected the jury’s decision on its sentence recommendation? The majority gravely undermines the right to a presumption of innocence, the right to a fair trial, and the right to a jury trial by one’s peers. For the foregoing reasons, I respectfully dissent. This case should be reversed and remanded.